UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NVIEW HEALTH, INC.,

    Plaintiff,

v.                                  Case No. 8:21-cv-385-VMC-TGW

DAVID V. SHEEHAN, M.D.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Nview Health, Inc.'s Motion to Strike Jury Demand (Doc. # 157), filed on November 23, 2022. Dr. David Sheehan filed his response on December 7, 2022. (Doc. # 166). The Motion is denied.

**I.**   **Background**

Both the Court and the parties are familiar with the facts of this case, and thus, the Court need not reiterate them here.

Dr. Sheehan included in his answer and counterclaims a request for a jury trial "on all issues raised in his counterclaims that are triable by a jury." (Doc. # 47 at 76). Nview did not include a jury demand in any of its pleadings. The parties filed a Case Management Report on April 8, 2021,

indicating that the case should be set for jury trial. (Doc. # 25). On April 19, 2021, this Court entered its Case Management and Scheduling Order setting this case for a jury trial during the June 2022 trial term. (Doc. # 26). The Court entered an Amended Case Management and Scheduling Order on October 22, 2021, upon Plaintiff's unopposed motion to amend the Case Management and Scheduling Order, setting the case for a jury trial during the Court's August 2022 trial term. (Doc. # 64). On April 4, 2022, the Court entered a Second Amended Case Management and Scheduling Order, once again setting the case for a jury trial during the Court's December 2022 trial term. (Doc. # 95). The parties filed a Joint Pretrial Statement on November 7, 2022, affirming that this case is set for a jury trial and submitting proposed jury instructions. (Doc. # 153-7).

In its Order on the parties' cross motions for summary judgment, the Court dismissed all of Dr. Sheehan's counterclaims except one of his breach of contract claims, for which he seeks only injunctive relief. (Doc. # 147). Now, Nview seeks to strike Dr. Sheehan's jury demand.

Nview filed its Motion to Strike Jury Demand on November 23, 2022. (Doc. # 157). Dr. Sheehan responded on December 7, 2022. (Doc. # 166). The Motion is now ripe for review.

2

**II. Legal Standard**

The Seventh Amendment right to a jury trial is deeply ensconced in American jurisprudence and is an "essential component to our federal judicial system." FGDI, Inc. v. Bombadier Capital Rail, Inc., 383 F.Supp.2d 1350, 1352 (M.D. Fla. 2005). "The Seventh Amendment preserves the right to trial by jury in suits in which legal rights are to be determined in contrast to those in which equitable rights and remedies are involved." Phillips v. Kaplus, 764 F.2d 807, 811-12 (11th Cir. 1985) (citing Parsons v. Bedford, 28 U.S. 433, 466 (1830)). Rule 38(a) of the Federal Rules of Civil Procedure underscores, "[t]he right of trial by jury . . . is preserved to the parties inviolate." Rule 38 further explains, "[o]n any issue triable of right by a jury, a party may demand a jury trial" and "[a] proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(a), (d).

Federal Rule of Civil Procedure 39(a) states: "[t]he trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). "Motions to strike are considered 'drastic' and are disfavored by the courts." Gyenis v.

3

Scottsdale Ins. Co., No. 8:12-cv-805-VMC-AEP, 2013 WL 3013618, at *1 (M.D. Fla. June 14, 2013) (quoting Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)).

"The Court must, as its solemn duty, jealously guard the right to a jury trial and indulge every reasonable presumption against waiver." Leahy-Fernandez v. Bayview Loan Servicing, LLC, No. 8:15-cv-2380-VMC-TGW, 2016 WL 410010, at *2 (M.D. Fla. Feb. 3, 2016) (collecting cases). "[A] district court's discretion to deny a jury trial is 'very narrowly limited and must, wherever possible, be exercised to preserve jury trial.'" Continental Cas. Co. v. First Financial Employee Leasing, Inc., Case No. 8:08-cv-2372-JDW-TGW, 2010 WL 11453164, at *3 (M.D. Fla. March 24, 2010) (quoting Borgh v. Gentry, 953 F.2d 1309. 1311 (11th Cir. 1992)).

In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Perez v. Holt, No. 8:09-cv-261-VMC-MAP, 2010 WL 2822170, at *1 (M.D. Fla. July 16, 2010) (citation omitted). Courts consider the following factors in deciding a Rule 39(b) motion: "(1) whether the case involves issues which are best tried to a jury; (2)

4

whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983). Still, district courts "have broad discretion" in considering such motions. Id.

### III. Analysis

Nview filed its Motion to Strike pursuant to Rule 39(a). It argues that Dr. Sheehan does not have a right to a jury trial due to the equitable nature of his remaining counterclaim. (Doc. # 157 at 5). While the remaining counterclaim is for an express breach of contract, Dr. Sheehan seeks only injunctive relief. (Id.). Therefore, according to Nview, Dr. Sheehan's remaining counterclaim is equitable in nature, and he does not have a right to trial by jury. (Id. at 6).

Dr. Sheehan responds that his demand should be honored for two reasons. First, his demand covers issues in Nview's complaint, as many of the claims in the complaint and counterclaims were mirror-images of each other. (Doc. # 166 at 4). Second, he argues that he did not waive his right to

5

a jury trial on Nview's claims and his defenses to those claims. (Id. at 6). Alternatively, he asks the Court to exercise its discretion under Rule 39(b) to order a jury trial on any issue for which a jury might have been demanded.

The Court declines to strike Dr. Sheehan's jury demand. The parties have proceeded throughout this case as if the case were going to be tried by a jury. Each of the three Case Management and Scheduling Orders has set the case for jury trial. Other courts in this district have considered a party's consent to jury trial when deciding whether to strike a jury demand. See Roth v. Nationstar Mortgage, LLC, Case No. 2:15-cv-783-JES-MRM, 2016 WL 7473818, at *1-2 (M.D. Fla. Dec. 29, 2016) (finding that by "signing the parties' Case Management Report selecting the 'jury trial' option" the defendant consented to a jury trial and thus waived its right to invoke the plaintiff's waiver of her jury right); Galle v. Nationstar Mortgage, LLC, Case No. 2:16-cv-407-PAM-CM, 2017 WL 2972072, at *1-2 (M.D. Fla. July 12, 2017) (denying motion to strike jury demand in part because party sought to strike the jury demand only after the parties had "represented the case as a jury trial in their joint Case Management Report"). The parties also submitted proposed jury instructions and verdict forms prior to the November 28, 2022, pretrial conference.

6

The Court acknowledges that, after the dismissal of all but one of his counterclaims, Dr. Sheehan's remaining counterclaim seeks only equitable relief and is not entitled to jury trial under the Seventh Amendment. See Hard Candy, LLC v. Anastasia Beverly Hills, Inc., 921 F.3d 1343, 1353 (11th Cir. 2019) ("[I]njunctive relief is the quintessential form of equitable remedy; it does not entitle a plaintiff to a jury trial[.]"). However, the Court also understands that nearly all of the issues in Dr. Sheehan's counterclaims for which he demanded jury trial were mirror-images of the issues presented in Nview's claims. Each claim brought by the parties related to the parties' respective contractual rights and revolved around the same operative facts.

Dr. Sheehan is entitled to demand a jury trial based on Nview's claims. See Borgh v. Gentry, 953 F.2d 1309, 1311 (11th Cir. 1992) ("[T]he issue of breach of contract is a legal issue to be tried by a jury."). Nview is still pursuing several contractual and tort claims in which it seeks damages – quintessential legal issues and remedies for which Dr. Sheehan is entitled to demand a jury trial. Therefore, the Court construes Dr. Sheehan's jury demand broadly, to encompass the overlapping issues in his now-dismissed counterclaims and Nview's claims. See Id. at 1311 ("[A]

7

court's discretion is very narrowly limited and must, wherever possible, be exercised to preserve jury trial." (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959))).

Even if the Court read Dr. Sheehan's original jury demand narrowly, it would grant his Rule 39(b) request. This case involves contractual and tort claims for damages that are best decided by a jury. Allowing a jury trial would not disrupt the Court's schedule, delay the proceedings, or prejudice either party as the case has been set for jury trial since April 2021. Dr. Sheehan's tardiness in making this request is also excusable. His jury demand was valid until the Court dismissed all but one of his counterclaims.

The question of whether Dr. Sheehan was entitled to demand a jury on the issues raised by his counterclaims only arose after the Court entered its summary judgment order on November 17, 2022. The Court will not strike the demand on the eve of trial, when both parties have operated under the assumption that the case would be tried by a jury throughout every phase of the litigation. See Brown Jordan Int'l Inc. v. Carmicle, No. 0:14-cv-60629, 2015 WL 11197774, at *1 (S.D. Fla. Aug. 27, 2015) ("Even if the Court were to assume, for the sake of argument, that Defendants' Motion to Strike has

8

merit, the Motion cannot be granted without substantial prejudice to Plaintiff. . . . Plaintiff has prepared his case for a trial by jury for an extended period of time, and this case is in the final stages of preparation for trial.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff Nview Health, Inc.'s Motion to Strike Jury Demand (Doc. # 157) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of December, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE